UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT M. SIMELS,

                            Petitioner,            **MEMORANDUM & ORDER**

   -against-

                                                17-CV-5323 (PKC)

UNITED STATES OF AMERICA,

                            Respondent.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      *Pro se* Petitioner Robert M. Simels, a former criminal defense attorney, filed this petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651. He seeks "a new, and proper sentence" in his criminal case entered under docket number 08-CR-640. He alleges that his sentence was incorrectly calculated under the applicable Guidelines. (Dkt. 1.) As set forth below, the Court is without authority to consider the instant petition and therefore dismisses it. To the extent Petitioner seeks to file a second successive writ of *habeas corpus*, pursuant to 28 U.S.C. § 2255, he must first obtain authorization from the United States Court of Appeals for the Second Circuit.

      A writ of error *coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). Because Petitioner is still in custody serving his sentence at the Federal Correctional Institution in Danbury, Connecticut, *coram nobis* relief is not available to challenge his sentence. *See, e.g., Pimentel v. United States*, No. 11-CV-4724, 2011 WL 6019013, at *2 (E.D.N.Y. Nov. 30, 2011) ("Because [petitioner] remains in custody, petitioner may only challenge [his] conviction or sentence through a *habeas corpus* petition pursuant to § 2255.") (citing, *inter*

*alia*, *Ortiz v. New York*, 75 Fed. App'x 14, 17 (2d Cir. Sept. 4, 2003) ("Prisoners bringing actions that fall within the scope of 28 U.S.C. § 2255 may not evade the restrictions on such actions by seeking a writ of coram nobis." (citation omitted))).[1] Should Petitioner desire to file an application for a second *habeas corpus* petition under 28 U.S.C. § 2255,[2] he must do so with the Second Circuit. *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002) (holding Petitioner may not file a second Section 2255 petition "unless the appropriate court of appeals certifies [] the motion." (citing 28 U.S.C. § 2255(h))).

## CONCLUSION

For the reasons stated above, Petitioner's motion is denied. The Clerk of Court shall close this case.

SO ORDERED.

\_\_\_/s/Pamela K. Chen_____
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
October 18, 2017

---

[1] *See also Nelson v. Hynes*, 12–CV–4913 (KAM)(LB), 2013 WL 182793, at *2 n.2 (E.D.N.Y. Jan. 17, 2013) ("To the extent that the petition can be construed as requesting the writs of error *coram nobis* or *audita querela*, the courts find[] that those common law writs are unavailable to petitioner. Although district courts may issue such common law writs pursuant to 28 U.S.C. § 1651[,] . . . prisoners must generally use the statutorily created remedies set forth in the federal habeas statute." (citation and internal quotation marks omitted)); *Mora v. United States*, 11-CV-561 (CBA), 2011 WL 891440, at *2 (E.D.N.Y. Mar. 10, 2011) ("Generally, prisoners must use the statutorily created remedies, and use of the common law writs is limited to circumstances in which there are gaps in the statutory framework and the unavailability of any post-conviction relief might raise questions as to the constitutional validity of the statutory remedies.") (citing *Carlisle v. United States,* 517 U.S. 416, 429 (1996)).

[2] Petitioner, represented by counsel, previously challenged his conviction by filing a motion pursuant to 28 U.S.C. § 2255 and a motion under Rule 33, Fed.R.Crim.P. *See Simels v. United States*, No. 13-CV-1224 (JG). On June 26, 2014, the Honorable John Gleeson denied Petitioner's motions. (*Id.* at Dkt. 26.) On January 12, 2015, the United States Court of Appeals for the Second Circuit dismissed his appeal of Judge Gleeson's decision. (*Id.* at Dkt. 31.)